**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | | |
|---|---|---|
| HARSHITABEN CHAUDHARI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00098-TWP-KMB |
| | ) | |
| MARKWAYNE MULLIN, | ) | |
| TODD BLANCHE, | ) | |
| SAMUEL OLSON, | ) | |
| SCOTT MAPLES, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Harshitaben Chaudhari's Petition for Writ of Habeas Corpus. (Dkt. 1). Ms. Chaudhari is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on February 4, 2026, and is detained at the Clark County Jail in Jeffersonville, Indiana. She petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. *Id* at 17.

For the reasons explained below, the Court grants the petition to the extent that no later than **May 7, 2026**, Respondents must either: (1) afford Ms. Chaudhari an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Ms. Chaudhari from custody, under reasonable conditions of supervision.

## I.    Background

Ms. Chaudhari is a citizen of India who entered the United States without inspection on or about October 11, 2024, when she was apprehended and released on her own recognizance. Dkt 8-1 at 2; dkt 8-2. The government initiated removal proceedings against Ms. Chaudhari by serving her with a Notice to Appear (Form I-862), Dkt. 8-1. On February 4, 2026, she was arrested pursuant

1

to an administrative warrant (Form I-200) and her Order of Release on Recognizance was cancelled. Dkt. 8-2; dkt. 8-4.

The Notice to Appear charges Ms. Chaudhari with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 8-1 at 2. The "arriving alien" checkbox is unmarked. *Id.*

Ms. Chaudhari was ordered removed to India by an immigration judge on March 11, 2026. Dkt. 8-5. She filed a notice of appeal to the Board of Immigration Appeals on April 11, 2026. *Id.*; dkt. 8-6. Ms. Chaudhari's removal proceedings remain pending.

## II.     Discussion

Ms. Chaudhari claims that her current detention violates the Due Process Clause of the Fifth Amendment (Count I) and the Immigration and Nationality Act ("INA") (Count II). Dkt. 1 at 14-17. Respondents argue that Ms. Chaudhari is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that her detention is constitutional. Dkt. 8.

The Court finds that Ms. Chaudhari's detention is governed by § 1226(a) and that it is unlawful because she has not been afforded a bond hearing. Because Ms. Chaudhari is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A.  8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall

order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

## B. Ms. Chaudhari Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Ms. Chaudhari is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Chaudhari who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Mohammed v. Olson*, No. 1:25-cv-02404-TWP-MKK, 2025 WL 3541819, at *3–5 (S.D. Ind. Dec. 10, 2025). As the Court has previously explained, Respondents'

4

interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

In *Castañon-Nava, v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The respondents here cite a number of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 8 at 9. Notably, the respondents cite two recent circuit court decisions upholding the government's interpretation of § 1225(b)(2)(A). *Id*. at 9-11 (citing, among other cases, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Buenrostro-Mendez* court found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. The *Avila* court similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

In contrast, after this matter was fully briefed, the Second Circuit decided *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) explicitly rejecting the government's argument and adopting the reasoning set forth in *Castañon-Nava*. "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4.

The Court is not convinced that the Seventh Circuit will depart from *Castañon-Nava* (and disagree with *Cunha*) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava* as persuasive precedent.

Accordingly, the Court concludes that Ms. Chaudhari is entitled to a bond hearing under § 1226, and it declines to reach her other arguments.

### III.    Scope of Relief

Ms. Chaudhari is entitled to habeas relief because her continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Ms. Chaudhari requests immediate release from custody. Dkt. 1 at 17. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to

order Ms. Chaudhari's immediate release and instead orders Respondents to provide her an individualized bond hearing as required by § 1226(a) and its regulations.

## IV.    CONCLUSION

The Court grants the petition to the extent that no later than **May 7, 2026**, Respondents must either: (1) provide Ms. Chaudhari with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Ms. Chaudhari from custody, under reasonable conditions of supervision. No later than **May 11, 2026**, Respondents must file documentation certifying that they have provided Ms. Chaudhari with a bond hearing or released her from detention.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 4/30/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel